**COPY**

**WILMERHALE**

June 26, 2006

**Daniel M. Esrick**

+1 617 526 6529 (t)
+1 617 526 5000 (f)
daniel.esrick@wilmerhale.com

**By Hand**

*5006 - 1164*

Clerk of the Court
Essex Superior Court
34 Federal Street
Salem, MA  01970

Re: Analogic Corporation v. Flight Safety Technologies, Inc., et al.

Dear Sir or Madam:

Enclosed for filing in the above referenced matter, please find the following documents:

1. Civil Action Cover Sheet;

2. Complaint; and

3. A check in the amount of $275.00 for the filing fee.

Please date stamp the enclosed copy of these documents and return them to our messenger, who is waiting.

Thank you very much.

Very truly yours,

Daniel M. Esrick

DME:km
Enclosures
cc:    Alex A. Van Adzin
       Joan A. Lukey

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JUN 2 6 2006

CLERK

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109
Baltimore Beijing Berlin Boston Brussels London Munich New York Northern Virginia Oxford Palo Alto Waltham Washington

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 2006-1164 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) Analogic Corporation | DEFENDANT(S) L-3 Communications Flight Safety Technologies, Inc., Samuel Kovnat, Sanders Design International, Royden Sanders, and Albin Hastbacka |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Joan A. Lukey (BBO #307340) Daniel M. Esrick (BBO #647676) Wilmer Cutler Pickering Hale and Dorr LLP 60 State St., Boston, MA 02109  (617) 526-6000 Board of Bar Overseers number: | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Other License Agreement) (Joint Collaboration and | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ....................................................
2. Total Doctor expenses ..................................................... $ ............
3. Total chiropractic expenses ............................................... $ ............
4. Total physical therapy expenses ........................................... $ ............
5. Total other expenses (describe) ........................................... $ ............

Subtotal $ ............

B. Documented lost wages and compensation to date ........................... $ ............
C. Documented property damages to date ..................................... $ ............
D. Reasonably anticipated future medical and hospital expenses ................ $ ............
E. Reasonably anticipated lost wages ........................................ $ ............
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $ ............

COPY

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JUN 2 6 2006

TOTAL $ ............

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

CLERK

Provide a detailed description of claim(s): Count I: Breach of Contract (Analogic v. SDI, Sanders, and Hastbacka); Count II: Procuring Breach of Contract (Analogic v. FST and Kovnat); Count III: Intentional Interference with Contractual Relations (Analogic v. FST and Kovnat); Count IV: Declaratory Judgment; Count V: Declaratory Judgment; and Count VI: For An Accounting, Against SDI

TOTAL $ In excess of $1,500,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 6/26/06

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COPY

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2006 - 1164

---

ANALOGIC CORPORATION,

    Plaintiff,

v.

FLIGHT SAFETY TECHNOLOGIES, INC.,
SAMUEL A. KOVNAT,
SANDERS DESIGN INTERNATIONAL,
ROYDEN SANDERS, and ALBIN
HASTBACKA,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)



**COMPLAINT AND DEMAND
FOR JURY TRIAL**

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JUN 2 6 2006

CLERK

---

Plaintiff Analogic Corporation brings this action for breach of contract, procuring breach

of contract, interference with contractual relations, and declaratory relief against defendants,

Sanders Design International, Flight Safety Technologies, Inc., Royden Sanders, Albin

Hastbacka, and Samuel A. Kovnat for conduct principally associated with two contractual

agreements.

### Allegations Applicable to All Counts

1.    Plaintiff Analogic Corporation ("Analogic") is a Massachusetts corporation with

its principal place of business in Peabody, Essex County, Massachusetts. Analogic is a pioneer

in the medical imaging industry and a leading supplier of security imaging solutions. Analogic

conceives, designs, and manufactures high-performance medical and security imaging systems

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

ANALOGIC CORPORATION,   )
           )
           )
           )
   Plaintiff,     )
           )
   v.        )  **COMPLAINT AND DEMAND**
           )    **FOR JURY TRIAL**
FLIGHT SAFETY TECHNOLOGIES, INC., )
SAMUEL A. KOVNAT,    )
SANDERS DESIGN INTERNATIONAL,  )
ROYDEN SANDERS, and ALBIN   )
HASTBACKA,       )
           )
   Defendants.    )

Plaintiff Analogic Corporation brings this action for breach of contract, procuring breach of contract, interference with contractual relations, and declaratory relief against defendants, Sanders Design International, Flight Safety Technologies, Inc., Royden Sanders, Albin Hastbacka, and Samuel A. Kovnat for conduct principally associated with two contractual agreements.

### Allegations Applicable to All Counts

1. Plaintiff Analogic Corporation ("Analogic") is a Massachusetts corporation with its principal place of business in Peabody, Essex County, Massachusetts. Analogic is a pioneer in the medical imaging industry and a leading supplier of security imaging solutions. Analogic conceives, designs, and manufactures high-performance medical and security imaging systems

and subsystems, and has been recognized as a leader in advanced signal acquisition and processing for more than three decades.

2.      Defendant Sanders Design International ("SDI") is a New Hampshire corporation with its principal place of business in Milford, New Hampshire.  SDI is a technology company that describes itself as a creator of innovative technologies for military and commercial applications.

3.      Defendant Flight Safety Technologies, Inc. ("FST") is a Nevada corporation with its principal place of business in Mystic, Connecticut.  FST is in the business of "teaming" with technology companies and marketing technologies developed by those companies related to air travel, particularly to the United States Government.

4.      Defendant Albin Hastbacka ("Hastbacka") resides at 1 Martingale Road, Amherst, New Hampshire.  Hastbacka is the President and Chief Executive Officer of SDI.

5.      Defendant Royden Sanders ("Sanders") resides at 35 Tighe Farm Road, Amherst, New Hampshire.  Sanders is the Chairman and founder of SDI.

6.      Upon information and belief, defendant Samuel A. Kovnat ("Kovnat") resides in the State of Connecticut.  Kovnat is the Chairman and Chief Executive Officer of FST.

7.      The Court has personal jurisdiction over the Defendants pursuant to M.G.L. Ch. 233A, § 3, because (a) all of the defendants have transacted business in the Commonwealth; (b) a substantial portion of the events giving rise to this controversy occurred in the Commonwealth; , and (c) one of the key contracts at issue in this action, which was entered into in Massachusetts to be performed in significant part in the Commonwealth, is expressly governed by Massachusetts law. Venue is properly situated in Essex County pursuant to M.G.L. Ch. 223, § 8, because Analogic's principal place of business is located in Essex County.

8.  Within the last several years, SDI has focused a significant part of its efforts upon the design, production and delivery of technology-driven homeland security products and services, including in particular a system that can be used to protect aircraft from mobile manpowered portable anti-aircraft missiles, e.g., shoulder-mounted missiles (known in the defense and aviation fields as "MANPADS").

9.  In 2002, in connection with SDI's efforts in the counter-MANPADS technology field, Sanders and Hastbacka filed U.S. patent application number 60/435093, described as "a device and system to protect aircraft from certain types of attack" (the "Patent"). Sanders and Hastbacka then assigned all rights to and interest in the Patent to their employer, SDI. On November 30, 2004, United States Patent No. 6,825,791 B2, entitled "Deceptive Signature Broadcast System for Aircraft" was issued to Sanders and Hastbacka, with SDI designated as the patent assignee.

10. On February 28, 2003, Analogic, SDI, Sanders, and Hastbacka entered into a contract (the "2003 Agreement"), pursuant to which Analogic paid SDI $1,500,000 (one million five hundred thousand U.S. dollars) for a fully paid license (the "License"), subject to Analogic's obligation to pay future royalties, to and for (a) the Patent; (b) any modifications, reissuances, or extensions of the Patent; and (c) any patent into which the Patent is converted for security or governmental secrecy reasons.  A true and accurate copy of the 2003 Agreement is attached hereto as Exhibit A.

11. In exchange for its payment and assumed obligations under the 2003 Agreement, Analogic gained, among other things, (a) the right to transfer and further license to end users the right to use the product that is described in the 2003 Agreement (the "Product") (i.e., a counter-MANPADS device and system to protect commercial and military aircraft from attack by

-3-

shoulder-launched missiles or similarly launched weapons); (b) the right to collaboratively develop, market, and sell the Product with SDI; (c) the right to manufacture the Product; (d) the exclusive right to install the Product, or cause it to be installed; and (e) the exclusive right to provide service and to supply spare parts and subassemblies of the Product.

12.     The 2003 Agreement specifies that the License is exclusive for use in commercial aircraft and non-exclusive for use in military aircraft.

13.     Under the 2003 Agreement, SDI, Sanders, and Hastbacka agreed to use the $1,500,000 license fee "mainly" to support the joint development with Analogic of the Product, and not to develop or assist anyone else to develop a technique, system or other product ("New Technology") which is intended to be used for the same purpose for which the Product is intended to be used, namely, the protection of aircraft from shoulder-launched missiles or similarly launched weapons.

14.     The 2003 Agreement also provides that for the period of time that the Product is under development and is being sold to third parties, "none of [the parties] will develop, assist another to develop a technique, system or other product (New Technology) which is intended to be used for the same purpose for which the Product which is the subject matter of this agreement is intended to be used." If SDI, Sanders, or Hastbacka violated this provision, it or he was obligated to "cause all rights in and to the New Technology to be subject to the patent licenses and other rights and obligations set forth" in the 2003 Agreement.

15.     Paragraph 7 of the 2003 Agreement provides that the "agreement will be considered a Massachusetts contract and will be interpreted under the law thereof."

16.     Because Analogic's license under the 2003 Agreement was non-exclusive as to military applications, Analogic understood that other companies might be approached for what

SDI described as "the Government part" of the Spatial Infrared Counter Measure ("SICM") self-protection system for aircraft, i.e., the counter-MANPADS technology program to which the 2003 Agreement relates ("the Program"), and that SDI actually did approach defense contractors such as Raytheon Company. However, in such approaches, the Program was to be described, and to Analogic's knowledge was initially being described, as one involving a team comprised of SDI and Analogic.

17.     In a proposal in 2003 to the U.S. Defense Advanced Research Projects Agency ("DARPA"), the agency that commissions advanced research for the Department of Defense, SDI referred to "the Sanders team of SDI and Analogic" and described the Phase I Work Plan as consisting of "a three-month primary research phase followed by a two-month transition phase to prepare for Phase IA Development Testing. The primary research phase will enable the research to be accomplished, analyzed, and documented in a report, which the DARPA will use to evaluate …whether a Phase IA effort will be funded."

18.     To the best of Analogic's knowledge, throughout 2003 and into 2004, SDI comported itself in accord with the 2003 Agreement by consistently treating the Program as a partnership between SDI and Analogic in its descriptions of the Program and the Product to potential customers and funding sources.

19.     In or about early 2004 and under circumstances that are not known to Analogic, SDI commenced a relationship of an undefined nature with FST. Hastbacka participated in the development of this relationship. Though Sanders contends that he did not know about the development of this relationship, he should have known about it. To the best of Analogic's knowledge, FST initially became involved in efforts to assist SDI in persuading the United States Government to fund further research and development of the Program and the Product. Nothing

in the 2003 Agreement prevented either party from seeking such assistance, as long as the rights of the other party remained intact; and Analogic had no objection to assistance of that nature from FST.

20.     After SDI involved FST, FST attempted to enter into a three-party contract with Analogic and SDI to replace or materially modify the 2003 Agreement. Recognizing that the 2003 Agreement did not prohibit SDI from "teaming" with another company to perform SDI's own functions under that Agreement as long as such "teaming" did not infringe on Analogic's rights, Analogic agreed in good faith to negotiate, and did in fact negotiate, with FST and SDI in an attempt to arrive at an acceptable arrangement that would allow FST's participation, without adversely affecting Analogic's rights under the 2003 Agreement.  In March of 2004, Analogic CEO John Wood ("Wood") expressly informed Kovnat that Analogic was not prepared to enter into a three-way agreement on the terms proposed by FST at that time.

21.     Although FST made a series of proposals to Analogic and SDI, all of the proposals infringed on Analogic's rights under the 2003 Agreement and provided a controlling role to FST.  None was, therefore, acceptable to Analogic, and no agreement was ever signed by Analogic.

22.     On or about April 6, 2004, with Analogic continuing to resist any proposed three-party agreements that materially infringed upon Analogic's rights under the 2003 Agreement, FST and SDI entered into a two-party "Teaming Agreement" (the "2004 Agreement").  Kovnat signed for FST, and Hastbacka signed for SDI. Although the 2004 Agreement states that its purpose is to "define the roles of FST and SDI with respect to [Analogic's] license agreement," the 2004 Agreement is overwhelmingly silent as to its effect on Analogic.  A true and accurate copy of the 2004 Agreement is attached hereto as Exhibit B.

-6-

23.    On April 21, 2004, an attorney representing FST provided Analogic with a copy of the 2004 Agreement, which had been executed by FST and SDI approximately fifteen days earlier.  Through counsel, FST requested that Analogic provide an acknowledgment that it was aware of the 2004 Agreement and "acknowledge and approve the roles and relationships of those parties as set forth therein."  A true and accurate copy of the attorney's letter to Analogic is attached hereto as <u>Exhibit C</u>.  Analogic declined to provide the requested acknowledgment and approval.

24.    As demonstrated by <u>Exhibit C</u>, FST and Kovnat were fully aware of the need to obtain Analogic's approval of an agreement that infringed upon Analogic's rights under the 2003 Agreement.  Notwithstanding the fact that Analogic declined to provide the requested acknowledgment and agreement, FST, Kovnat, SDI, Sanders, and Hastbacka proceeded under the 2004 Agreement, without regard for Analogic's rights under the 2003 Agreement.

25.    The 2004 Agreement purports to establish an exclusive "teaming" agreement between SDI and FST for the purpose of developing and marketing a new system "which will provide civilian and military aircraft with a cost effective and defensive countermeasure system in response to threats posed by surface to air missiles."

26.    Pursuant to the 2004 Agreement, FST purports to serve as the prime contractor in, among other things, (a) procuring funding for research, development, deployment, and installation of the New Technology (defined only in the 2003 Agreement); (b) coordinating New Technology research, development, and integration with the Federal Aviation Administration, the Transportation Security Administration, airlines, and others; (c) developing, producing, and implementing a kit with all of the equipment necessary to ensure ease of installation and

maintenance; and (d) marketing, promoting, and selling the New Technology to governments and commercial customers.

27.     The 2004 Agreement requires FST to involve SDI in meetings with prospective customers, to use best efforts to secure contracts for the New Technology program, to issue a solicitation to SDI for any customer relating to SDI's areas of responsibility (which are limited to design, development, system engineering, and specified testing), and to issue SDI a subcontract "within its area of responsibility" if FST receives a prime contract.

28.     The 2004 Agreement requires SDI to participate in customer meetings, to respond to FST's solicitations, and to accept subcontracts from FST within SDI's specified area of responsibility.

29.     Both SDI and FST agreed, under the 2004 Agreement, not to participate with any other party "in pursuit of the Program contemplated" by the 2004 Agreement. The program described in the 2004 Agreement is substantially the same as the Program described in the 2003 Agreement, and the product encompassed by the 2004 Agreement's program is substantially, or precisely, the same as the Product encompassed by the 2003 Agreement's Program.  As a result, the 2004 Agreement, by its express terms, infringes upon Analogic's rights under the 2003 Agreement.

30.     The 2004 Agreement further provides that SDI and FST would agree to a reciprocal Non-Disclosure Agreement that precludes sharing information involving the development, manufacturing, and sales process.  Notwithstanding the pre-existing 2003 Agreement, no exception to this Non-Disclosure Agreement was made for Analogic, which also violated Analogic's rights under the 2003 Agreement, including its right to collaboratively develop, market, and sell the Product in conjunction with SDI.

31.     After entering into the 2004 Agreement, Hastbacka, Sanders, and Kovnat submitted a United States patent application (the "Subsequent Patent"). Upon information and belief, the Subsequent Patent covers technology that infringes on the Patent licensed by Analogic under the 2003 Agreement, or, at very least, constitutes "New Technology" within the meaning of the 2003 Agreement, such that Analogic is entitled to a license on the same terms as those provided under the 2003 Agreement.

32.     In or about April of 2005, via an emailed version of an unsigned letter that was purportedly sent by Kovnat a month earlier but was never received by the addressee, Peter Harris ("Harris"), Analogic's Vice President of Security, Strategy & Development, Kovnat misrepresented the events of the meeting with Wood one year earlier. Kovnat misrepresented that Wood concurred with FST and SDI entering into the 2004 Agreement without Analogic's participation. In fact, Wood was not shown the 2004 Agreement and did not approve any two-party agreement that infringed on Analogic's rights under the 2003 Agreement. Rather, Wood made it clear that Analogic was not prepared to enter into a three-way agreement at that time. Because FST and SDI were permitted by the terms of the 2003 Agreement to team with regard to SDI's role only, Wood did not object to FST and SDI entering into a two-party, non-infringing agreement with each other.

33.     By mid to late 2005, SDI and FST became increasingly aggressive with regard to publicizing and acknowledging a venture between SDI and FST, identifying materials submitted to prospective customers and sources as "FSTI/SDI Proprietary" and relegating Analogic, at most, to a peripheral role.

34.     Over the latter half of 2005 and the first several months of 2006, the marketing and solicitation materials of SDI and FST, as well as the spoken words of Hastbacka and Kovnat,

increasingly elevated the role of FST and diminished the role of Analogic with regard to the Program and the Product. Although customers and funding sources were still far more prospective than actual, and the Product was not yet approaching production, the tenor of FST's and SDI's language and conduct became increasingly problematic for Analogic. As a result, fewer and fewer Analogic employees were willing to continue attempting to determine an acceptable three-party agreement to replace Analogic's existing rights under the 2003 Agreement.

35.     During the same time period, encompassing mid to late 2005, businessman Craig Benson ("Benson"), the former Governor of New Hampshire, approached SDI and Analogic about participating in a three-party agreement with SDI and Analogic, or a four-party agreement with the latter entities plus FST. Because Benson was discussing a significant capital infusion that would clearly benefit all of the parties in moving forward with the Program and the Product, Analogic participated in the negotiations, but continued to decline the three-party proposals put forth by FST.

36.     Early in 2006, having failed to obtain Analogic's acceptance of a three-party agreement to replace the 2003 Agreement, and further having failed to obtain Analogic's acknowledgment and approval of the 2004 Agreement, FST made a proposal to buy out Analogic's position with regard to the Program. Analogic declined the proposal.

37.     In June of 2006, Analogic determined that it could no longer accept the disregard of Analogic's rights under the 2003 Agreement by FST, SDI, Kovnat, Hastbacka, and (to a lesser extent because of his illness) Sanders. Analogic called upon FST and SDI to terminate the 2004 Agreement and all other activities that interfere with Analogic's contractual rights. FST refused

Analogic's demand to cease and desist, contending that Analogic has no protectable rights; SDI failed to respond.

## COUNT I

### Breach of Contract (Analogic v. SDI, Sanders, and Hastbacka)

38.     Analogic incorporates by reference paragraphs 1 through 37 as if set forth here in their entirety.

39.     The 2003 Agreement is a valid and binding contract that was duly executed by Analogic, SDI, Sanders, and Hastbacka on or about February 28, 2003.

40.     As good and valuable consideration for a License to the Patent under the 2003 Agreement, Analogic paid $1,500,000 to SDI.

41.     Analogic has duly performed all of its duties and obligations under the 2003 Agreement.

42.     SDI, Sanders, and Hastbacka's actions, including but not limited to, (a) initiating a relationship with FST and Kovnat to develop New Technology; (b) negotiating and entering into the 2004 Agreement with FST and Kovnat; and (c) filing a patent application for the Subsequent Patent, constituted a breach of the 2003 Agreement.  Upon information and belief, SDI, with the concurrence of Sanders and Hastbacka, also expended a substantial portion of the $1,500,000 license fee on debts and expenses other than furtherance of the Program and the Product, as required by the 2003 Agreement.

43.     As a direct result of SDI's, Sanders's, and Hastbacka's breach of the 2003 Agreement, Analogic has suffered, and continues to suffer, damages

## COUNT II

### Procuring Breach of Contract (Analogic v. FST and Kovnat)

44.     Analogic incorporates by reference paragraphs 1 through 43 as if set forth here in their entirety.

45.     The 2003 Agreement is a binding contract between Analogic, SDI, Sanders, and Hastbacka that was in full force and effect at the time the 2004 Agreement was executed.

46.     At the time FST and Kovnat began negotiations to enter into a contract with SDI, Sanders, and Hastbacka, they knew of the existence and the terms of the 2003 Agreement.

47.     By negotiating and entering into the 2004 Agreement with SDI, Sanders, and Hastbacka, and on information and belief by persuading Hastbacka and Sanders to join in filing a patent application for the Subsequent Patent and failing to assign a license to Analogic, FST and Kovnat, with improper motive, procured SDI's, Sanders's, and Hastbacka's breach of the 2003 Agreement.

48.     As a direct result of FST's and Kovnat's actions, Analogic has suffered, and continues to suffer, damages, including lost profits.

## COUNT III

### Intentional Interference with Contractual Relations (Analogic v. FST and Kovnat)

49.     Analogic incorporates by reference paragraphs 1 through 48 as if set forth here in their entirety.

50.     The 2003 Agreement is a binding contract between Analogic, SDI, Sanders, and Hastbacka, negotiated and executed to enable the parties to collaboratively develop, market, and sell the Product.  The 2003 Agreement was in full force and effect at the time the 2004 Agreement was executed.

51.     At the time FST and Kovnat began negotiations to enter into a contract with SDI, Sanders, and Hastbacka, they knew of the existence and the terms of the 2003 Agreement.

52.     At the time FST and Kovnat caused Sanders and Hastbacka to file a joint application for the Subsequent Patent, FST and Kovnat knew that Analogic was entitled to a license under the Subsequent Patent if it issued, and, on information and belief, knew that the Subsequent Patent infringes on the Patent.

53.     Knowing that their actions would interfere with, and result in a breach of, the 2003 Agreement between Analogic, SDI, Sanders, and Hastbacka, FST and Kovnat nonetheless negotiated and executed the 2004 Agreement and caused the filing of the application for the Subsequent Patent.  In so doing, FST and Kovnat have interjected themselves, in a lead and improper role, into Analogic's relationship with SDI, Sanders, and Hastbacka.  FST and Kovnat have likewise sought to take back functions expressly granted to Analogic under the 2003 Agreement, and have inferentially assumed control as "prime contractor" over other rights and functions that belong exclusively to Analogic under the 2003 Agreement.

54.     FST and Kovnat, by their actions described herein, thus used improper motive and means to intentionally interfere with Analogic's contractual relations with SDI, Sanders, and Hastbacka.

55.     As a direct result of FST's and Kovnat's actions, Analogic has suffered, and continues to suffer, damages, including lost profits.

## COUNT IV

### Declaratory Judgment

56.     Analogic incorporates by reference paragraphs 1 through 55 as if set forth here in their entirety.

57.     This count for declaratory relief is brought pursuant to M.G.L. Ch. 231A, §§ 1 and 2.

58.     An actual, bona fide controversy of a justiciable nature exists between the parties and is ripe for judicial determination regarding ownership rights in the Subsequent Patent.

59.     The 2003 Agreement expressly provides that "none of [the parties] will develop, assist another to develop a technique, system or other product (New Technology) which is intended to be used for the same purpose for which the Product which is the subject matter of this agreement is intended to be used." If SDI violated this provision, it was obligated to "cause all rights in and to the New Technology to be subject to the patent licenses and other rights and obligations set forth" in the 2003 Agreement.

60.     By filing the application for the Subsequent Patent, SDI, Sanders, and Hastbacka in fact violated the express terms of the 2003 Agreement. Analogic is, therefore, entitled to all right, title, and interest in the Subsequent Patent.

61.     Accordingly, Analogic seeks a declaration that (a) all right, title, and ownership interest that Hastbacka, Sanders, and Kovnat possess in the Subsequent Patent, together with any associated related applications, and any patents issued or to be issued in the future pursuant to the Subsequent Patent, have been assigned in their entirety to Analogic in accordance with the provisions of the 2003 Agreement; and (b) no other party, including but not limited to SDI or FST, purporting to claim any right, title, or ownership interest in the Subsequent Patent, together with any associated related applications, and any patents issued or to be issued in the future pursuant to the Subsequent Patent, has any such right, title, or ownership interest.

-14-

## COUNT V

### Declaratory Judgment

62.     Analogic incorporates by reference paragraphs 1 through 61 as if set forth here in their entirety.

63.     This count for declaratory relief is brought pursuant to M.G.L. Ch. 231A, §§ 1 and 2.

64.     An actual, bona fide controversy of a justiciable nature exists between the parties and is ripe for judicial determination regarding the validity and enforceability of the 2004 Agreement.

65.     The 2003 Agreement precludes any party from working with a third party to develop "a technique, system, or other product (New Technology) which is intended to be used for the same purpose" as the technology being developed under the 2003 Agreement.  Yet, in entering into the 2004 Agreement with FST and Sanders, that is precisely what SDI and Hastbacka did.

66.     Therefore, SDI and Hastbacka had no authority to enter into the third-party 2004 Agreement, which must, therefore, be declared null and void.

67.     Accordingly, Analogic seeks a declaration that the 2004 Agreement is null, void, and without legal effect.

## COUNT VI

### For An Accounting, Against SDI

68.     Analogic incorporates paragraphs 1 through 67 by reference as if set forth here in their entirety.

69.     Under the 2003 Agreement, Analogic and SDI were to function as co-venturers with an implied duty of good faith and fair dealing between them.  In addition, SDI committed to using Analogic's $1,500,000 license fee "mainly" for the joint development of the Product with Analogic.

70.     SDI has never accounted to Analogic for the expenditure of the $1,500,000. Upon information and belief, SDI improperly used a substantial portion of the fee for debts and expenses other than its intended use.

71.     Accordingly, Analogic seeks an accounting from SDI as to the expenditure of the $1,500,000 license fee, and reinstatement of any such funds improperly used.


WHEREFORE, plaintiff Analogic Corporation, respectfully requests the following relief:

1.     A judgment in favor of Analogic and against SDI, Sanders, and Hastbacka for the damages, including interest and costs, it has suffered due to SDI's, Sanders's, and Hastbacka's breach of the 2003 Agreement.

2.     A judgment in favor of Analogic and against FST and Kovnat for the damages, including interest and costs, it has suffered due to FST's and Kovnat's procuring SDI's, Sanders's, and Hastbacka's breach of the 2003 Agreement.

3.     A judgment in favor of Analogic and against FST and Kovnat for the damages, including interest and costs, it has suffered due to FST's and Kovnat's intentional interference with its contractual relationship with SDI.

4.     A declaration that (a) all right, title, and ownership interest that Hastbacka, Sanders, and Kovnat possess in the Subsequent Patent, together with any associated related applications, and any patents issued or to be issued in the future pursuant to the Subsequent

Patent, have been assigned in their entirety to Analogic; and (b) no other party, including but not limited to SDI or FST, purporting to claim any right, title, or ownership interest in the Subsequent Patent, together with any associated related applications, and any patents issued or to be issued in the future pursuant to the Subsequent Patent, has any such right, title, or ownership interest.

5.     A declaration that the 2004 Agreement is null, void, and without legal effect.

6.     An Order compelling SDI, Sanders, and Hastbacka to provide a detailed accounting of their use of the $1,500,000 license fee paid by Analogic under the 2003 Agreement, and to reimburse any funds improperly used.

7.     Such other and further relief as this Court deems just and proper.


Respectfully submitted,

ANALOGIC CORPORATION


By its attorneys

_____
Joan A. Lukey (BBO # 307340)
Daniel M. Esrick (BBO # 647676)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telephone (617) 526-6000
Facsimile (617) 526-5000

Dated:  June 26, 2006


**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES WHERE A JURY IS CLAIMABLE.**

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CC   M I
     D E
     H L

CIVIL DOCKET# **ESCV2006-01164-B**

A von Adin

RE:   **Analogic Corporation v Flight Safety Technologies Inc et al**

TO: Joan A Lukey, Esquire
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 09/24/2006 |
| Response to the complaint filed (also see MRCP 12) | 11/23/2006 |
| All motions under MRCP 12, 19, and 20 filed | 11/23/2006 |
| All motions under MRCP 15 filed | 11/23/2006 |
| All discovery requests and depositions completed | 04/22/2007 |
| All motions under MRCP 56 served and heard | 05/22/2007 |
| Final pre-trial conference held and firm trial date set | 06/21/2007 |
| Case disposed | 08/20/2007 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in CtRm 1 (145 High St., Newburyport, MA) at **Essex Superior Court.**

Dated: 06/28/2006

Thomas H. Driscoll Jr.
Clerk of the Courts
BY: JoDee Doyle
Assistant Clerk

Location: CtRm 1 (145 High St., Newburyport, MA)
Telephone: (978) 462-4474



**WILMERHALE**

---

**FACSIMILE**

Date  July 10, 2006

+1 617 526 6529 (t)
+1 617 526 5000 (f)
daniel.esrick@wilmerhale.com

---

To   Timothy J. Langella Esq.
     Mintz, Levin, Cohn, Ferris, Glovsky and
     Popeo, P.C.

Fax  617-542-2241
Tel

cc

---

From  Daniel M. Esrick

Pages  2 (including cover)

Re   **FYI**

---

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

This facsimile transmission is confidential and may be privileged. If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call +1 617 526
5413 and destroy all copies of this transmission. If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +1 617 526 5413. Thank you.

WILMERHALE

July 14, 2006

Daniel M. Esrick

+1 617 526 6529 (t)
+1 617 526 5000 (f)
daniel.esrick@wilmerhale.com

**By Hand**

Clerk of the Court
Essex Superior Court
34 Federal Street
Salem, MA  01970

Re: <u>Analogic Corporation v. Flight Safety Technologies, Inc., et al., C.A. 2006-1164</u>

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter, please find an Affidavit of Service of Daniel M. Esrick, together with exhibits.

Please date stamp the enclosed copy of this document and return it to our messenger, who is waiting.

Thank you very much.

Very truly yours,

Daniel M. Esrick

DME:km
Enclosures
cc:    Timothy Langella, Esq. ✓
       Mr. Royden Sanders
       Mr. Albin Hastbacka

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

---

|  |  |  |
|---|---|---|
| ANALOGIC CORPORATION, | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | C.A. No. 2006-1164 |
|  | ) | |
| FLIGHT SAFETY TECHNOLOGIES, INC., | ) | |
| SAMUEL A. KOVNAT, | ) | |
| SANDERS DESIGN INTERNATIONAL, | ) | |
| ROYDEN SANDERS, and ALBIN | ) | |
| HASTBACKA, | ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

---

## AFFIDAVIT OF SERVICE OF DANIEL M. ESRICK

I, Daniel M. Esrick, hereby state as follows:

1.  I am an Associate at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel to Plaintiff, Analogic Corporation, in the above-captioned litigation.  I make this Affidavit based upon my personal knowledge.

2.  On June 27, 2006, I caused a summons (Attached hereto as Exhibit A) and Complaint in the above-captioned matter to be mailed by certified mail, return receipt requested, to Defendant Albin Hastbacka.  On July 5, 2006, Mr. Hastbacka received the summons and the Complaint, as reflected in the signed return receipt (Attached hereto as Exhibit B).

- 1 -

3. On July 6, 2006, I caused a summons (Attached hereto as Exhibit C) and Complaint in the above-captioned matter to be mailed by certified mail, return receipt requested, to Defendant Royden Sanders. On July 8, 2006, Mr. Sanders received the summons and the Complaint, as reflected in the signed return receipt (Attached hereto as Exhibit D).

4. On June 30, 2006, Tim Langella, an attorney at Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., called me to indicate that he was representing – and would accept service on behalf of – Defendants Flight Safety Technologies, Inc. ("FST") and Samuel A. Kovnat ("Kovnat").

5. On July 5, 2006, I caused a copy of summonses to FST and Kovnat (Attached hereto as Exhibits E and F) and the Complaint in the above-captioned matter to be delivered by hand to Mr. Langella at his office in Boston.

6. On July 6, 2006, Mr. Langella received the summonses and the Complaint, and indicated that he would accept service on behalf of FST and Kovnat, as reflected in the signed acknowledgement (Attached hereto as Exhibit G.).

SUBSCRIBED AND SWORN UNDER THE PAINS AND PENALTIES OF PERJURY

Daniel M. Esrick
Date: July 13, 2006

Marilyn Fitzgerald
Notary Public

My Commission expires on Nov. 4, 2012

- 2 -

## CERTIFICATE OF SERVICE

I, Daniel M. Esrick, do hereby certify that I caused a copy of the attached documents to be served by first class mail upon the following on this 14th day of July 2006:

Timothy J. Langella
Counsel to Defendants Flight Safety Technologies and Samuel A. Kovnat
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

Mr. Royden Sanders
35 Tighe Farm Road
Wilton, NH 03086-5035

Mr. Albin Hastbacka
1 Martingale Road
Amherst, NH 03031

Daniel M. Esrick

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2006-1164

Analogic Corporation _____ , Plaintiff(s)

*v.*

Flight Safety Technologies, Inc., Samuel A. Kovnat,
Sanders Design International, Royden Sanders, and
Albin Hastbacka _____ , Defendant(s)

## SUMMONS

To the above named Defendant: **Albin Hastbacka**

You are hereby summoned and required to serve upon Joan A. Lukey, Esq. and Daniel M. Esrick, Es

plaintiff's attorney, whose address is Wilmer Cutler Pickering Hale and Dorr LLP , an answer to the

60 State St., Boston, MA 02109

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Salem, MA 01970

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

~~Suzanne V. DelVecchio~~

WITNESS, ▮▮▮▮▮▮▮▮▮ Esquire, at Salem, the

day of ▮▮▮▮▮▮▮▮ , in the year of our Lord   two thousand



*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

**Office #30**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Albin Hastbacka
1 Martingale Road
Amherst, NH 03031

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

A. HASTBACHA   7/5

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7001 0320 0005 9706 8956

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

MANCHESTER NH 03

05 JUL 2006   PM 3

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

WILMER CUTLER PICKERING
HALE AND DORR LLP
60 STATE STREET
BOSTON, MA 02109
Attn:  Daniel M. Esrick

02109/9999

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2006–1164

Analogic Corporation ............................................................... , Plaintiff(s)

Flight Safety Technologies, Inc., Samuel A. Kovnat,
Sanders Design International, Royden Sanders, and
Albin Hastbacka
............................................................... , Defendant(s)

## SUMMONS

To the above named Defendant:    Royden Sanders

You are hereby summoned and required to serve upon Joan A. Lukey, Esq. and Daniel M. Esrick, Esq.

plaintiff's attorney, whose address is Wilmer Cutler Pickering Hale and Dorr LLP , an answer to the
60 State Street, Boston, MA  02109

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court, either before service upon plaintiff's attorney or within a reasonable time thereafter.
  Salem, MA  01970

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse
~~Suzanne V. DelVecchio~~

WITNESS, ▮▮▮▮▮▮▮ , Esquire, at Salem, the
day of ▮▮▮▮▮▮▮ , in the year of our Lord  two thousand

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**Office #30**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Royden Sanders
35 Tighe Farm Road
Pelham, NH  03086-5043

#011-1517-00129

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Dou Souders_   ☐ Agent
                   ☑ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   _Jan Sanders_       9/8/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, August 2001       Domestic Return Receipt                102595-02-M-1540



UNITED STATES POSTAL SERVICE
MANCHESTER NH 03

13 JUL 2006 PM

Sender: Please print your name, address, and ZIP+4 in this box

Daniel M. Esrick, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA   02109

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT —
CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                SUPERIOR COURT
                                                                          CIVIL ACTION
                                                                          No.

Analogic Corporation ......................................................., Plaintiff(s)

                                   *v.*

Flight Safety Technologies, Inc., Samuel A. Kovnat,
Sanders Design International, Royden Sanders, and
Albin Hastbacka ........................................................., Defendant(s)

## SUMMONS

To the above named Defendant: **Flight Safety Technologies, Inc.**

    You are hereby summoned and required to serve upon ..Joan.A..Lukey,.Esq..and.Daniel.M..Esrick, E

plaintiff's attorney, whose address is Wilmer Cutler Pickering Hale and Dorr LLP
60 State St., Boston, MA 02109 ............................................, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court, ........ either before service upon plaintiff's attorney or within a reasonable time thereafter.
Salem, MA 01970

    Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

                Barbara J. Rouse
               ~~Suzanne V. DelVecchio~~

WITNESS, ████████████, Esquire, at Salem, the
    day of ████████████        , in the year of our Lord  two thousand

                                                 *Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

**Office #30**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

Case 1:06-cv-11288-JLT   Document 1-2   Filed 07/26/06   Page 36 of 40

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Analogic Corporation
............................................................................................ , Plaintiff(s)

v.

Flight Safety Technologies, Inc., Samuel A. Kovnat,
Sanders Design International, Royden Sanders and
Albin Hastbacka
............................................................................................ , Defendant(s)

## SUMMONS

To the above named Defendant: **Samuel A. Kovnat**

You are hereby summoned and required to serve upon Joan A. Lukey, Esq. and Daniel M. Esrick, Esq.

plaintiff's attorney, whose address is Wilmer Cutler Pickering Hale and Dorr LLP , an answer to the
60 State St., Boston, MA 02109
complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court      either before service upon plaintiff's attorney or within a reasonable time thereafter.
Salem, MA 01970

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
~~Suzanne V. DelVecchio~~
WITNESS,                              Esquire, at Salem, the

day of                              , in the year of our Lord   two  thousand

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**Office #30**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

**MINTZ LEVIN**

JUL 05 2006

TJL

**WILMERHALE**

July 5, 2006

**Daniel M. Esrick**

+1 617 526 6529 (t)
+1 617 526 5000 (f)
daniel.esrick@wilmerhale.com

**BY HAND**

Timothy J. Langella, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

Re: <u>Analogic Corporation v. Flight Safety Technologies, Inc., et al., C.A. No. 2006-1164</u>

Dear Mr. Langella:

Enclosed for service in the above-referenced matter, please find the following documents:

1.  Summonses for Defendants Flight Safety Technologies, Inc. and Samuel A. Kovnat;

2.  Civil Action Cover Sheet; and

3.  Complaint and Demand for Jury Trial.

As we discussed, you have agreed to accept service for Defendants Flight Safety Technologies, Inc. and Samuel A. Kovnat.  In order to confirm your receipt of these documents and your acceptance of service, please sign and date where indicated below and return the original of this letter to me.

Thank you very much.

Very truly yours,

Daniel M. Esrick

DME:km
Enclosures
cc:     Alex A. Van Adzin
        Joan A. Lukey

Service accepted by:

Timothy J. Langella
Date:   7/6/06

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT —
CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                      SUPERIOR COURT
                                                               CIVIL ACTION
                                                               No. 2006-1164

Analogic Corporation ————————————————————— , Plaintiff(s)

Flight Safety Technologies, Inc., Samuel A. Kovnat,
Sanders Design International, Royden Sanders, and
Albin Hastbacka
——————————————————————————— , Defendant(s)

## SUMMONS

To the above named Defendant: **Sanders Design International**

You are hereby summoned and required to serve upon Joan A. Lukey, Esq. and Daniel M. Esrick, E

plaintiff's attorney, whose address is Wilmer Cutler Pickering Hale and Dorx LLP , an answer to the
                                       60 State St., Boston, MA 02109
complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court, either before service upon plaintiff's attorney or within a reasonable time thereafter.
            Salem, MA 01970

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse
~~Suzanne V. DelVecchio~~

WITNESS, ▓▓▓▓▓▓▓▓▓ Esquire, at Salem, the

day of ▓▓▓▓▓▓▓▓▓ , in the year of our Lord   two  thousand

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

Office #30

NOTICE TO DEFENDANT.— You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................ June 27 ................ , 2006 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

Mailed the documents via Certified Mail, signature required, to the following address:

Sanders Design International, 37 Wilton Rd., Milford, NH 03055 .................................

Dated:  June 27        2006

N.B.  TO PROCESS SERVER:—
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

June 27   2006

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Analogic Corporation
Plaintiff(s)

v.

Flight Safety Technologies, Inc., Samuel A. Kovnat,
Sanders Design International, Rouden Sanders, and
Albin Hastbacka
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)